NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STATE FARM INSURANCE COMPANY
*a/s/o* JUDITH A. BURRELL,

           Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

           Defendant.

Civ. Action No. 09-3325 (KSH)

**OPINION**

**KATHARINE S. HAYDEN, U.S.D.J.**

**I. Factual Background**

    This Federal Tort Claims Act ("FTCA") case arises out of an automobile accident that occurred on July 17, 2008. (Compl. ¶¶ 1–3.) Judith Burrell, who holds an insurance policy with plaintiff State Farm Insurance Company ("State Farm"), was driving on Vauxhall Road in Union, N.J., when her car was struck by a vehicle owned by the United States Postal Service ("USPS") and driven by Hector Cruz, a USPS employee. (*Id.* ¶¶ 2–3.) Pursuant to her insurance policy, Burrell submitted a claim to State Farm for the damage to her vehicle, and any claim she had against the USPS was thereby subrogated to State Farm's interest. (*Id.* ¶ 4.)

    On January 28, 2009, State Farm sent a letter to the USPS requesting payment in the amount of $1879.02. (Notice of Claim, attached to Reply Br. as Ex. E, at 1.) The letter refers to a previous correspondence, indicating that the letter is the second notice State Farm provided to the USPS; however, the earlier correspondence is not a part of the record, and neither party has

1

identified when it was sent. (*Id.*) In any event, any response the USPS may have given to State Farm's demands for payment does not appear in the record.

State Farm filed the instant lawsuit on July 7, 2009, naming the USPS as the only defendant. (Compl.) On November 30, 2009, the Court sua sponte dismissed the complaint without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to properly serve the defendant within 120 days of filing the complaint. [D.E. 5.] Nearly a year later, on November 5, 2010, State Farm's counsel filed a motion to vacate the order of dismissal, contending that due to an administrative oversight, the "file fell off of our computerized diary system, and did not come across my desk until today, when I realized that the case had been dismissed." (Vizzone Certif. ¶ 6.) The United States entered a limited appearance to oppose the motion, arguing first that the government had yet to be properly served and second that State Farm had not demonstrated excusable neglect in its failure to prosecute the action. (Opp'n Br. at 1–3.) State Farm then served its summons and complaint on the U.S. Attorney's Office in Newark on January 18, 2011. [D.E. 10.]

**II. Characterization of the Motion**

The Court's first task is to determine whether the order of dismissal is a final order susceptible of relief under Fed. R. Civ. P. 60(b). Generally, an order dismissing a complaint without prejudice is not final and cannot be vacated under Rule 60(b). *Newark Branch, NAACP v. Town of Harrison, N.J.*, 907 F.2d 1408, 1416 (3d Cir. 1990). However, a dismissal without prejudice becomes final if "the plaintiff no longer can amend the complaint because, for example, the statute of limitations has run." *Id.* To determine whether State Farm can no longer amend its complaint, the Court looks to the FTCA, under which State Farm filed its complaint. Pursuant to the FTCA, an injured party must first file an administrative claim with the agency

that allegedly caused the injury, and if the claim is denied the injured party may then bring a lawsuit in federal court.  28 U.S.C. § 2675(a).  If the agency fails to act on the administrative claim within six months of presentment, the injured party may at any time thereafter deem the inactivity a final denial and file suit in federal court.  *Id.*  The injured party must file the administrative claim within two years of when it accrues and must file the lawsuit within six months of the agency's final denial.  28 U.S.C. § 2401(b).

      The difference between a final denial by an agency and so-called deeming is important in this case.  While § 2675(a) states that a plaintiff may deem agency inactivity to be a final denial, and § 2401(b) states that a plaintiff must file her lawsuit within six months of a final denial, the Third Circuit has held that filing a suit after six months of agency inactivity is not "the equivalent of a 'final denial' for purposes of section 2401(b)."  *Pascale v. United States*, 998 F.2d 186, 188 (3d Cir. 1993).  In other words, the six-month limitation of § 2401(b) only applies to an affirmative final denial by an agency, and does not apply "to a claimant who deems an administrative claim denied, files suit under section 2675(a), and, for an unrelated reason, must refile that complaint."  *Id.* at 189.  In *Pascale*, the plaintiff was involved in a motor vehicle accident on March 12, 1990, with a vehicle driven by a Secret Service agent.  *Id.* at 187.  He filed an administrative claim on April 18, 1990, and after the Secret Service had not responded for fifteen months, filed a lawsuit on July 15, 1991.  *Id.*  However, he did not serve the summons and complaint on the United States until after the 120-day period set out by Fed. R. Civ. P. 4(j) had run, and the United States successfully moved to dismiss the complaint.  *Id.*  Plaintiff refiled his federal action on February 18, 1992, and the United States again moved to dismiss, this time on the grounds that plaintiff had not filed the second action within six months of when he filed the first action, which, according to the government, constituted a final denial for purposes of §

2401(b). *Id.* The District Court granted the motion to dismiss, but the Third Circuit reversed, stating that "[a]s long as a claimant files an administrative claim within two years of its accrual and the agency does not send notice of final denial, the claimant may wait indefinitely before filing suit." *Id.* at 192–93. The Court added that this rule applies to a second complaint, as well. *Id.* at 193.

Whether State Farm's claim was ever actually denied by the USPS has significant implications. On the one hand, if the USPS never responded to its administrative claim, State Farm may be free to file a new complaint. On the other hand, if the USPS expressly denied State Farm's claim, the statute of limitations and Rule 60(b) may extinguish State Farm's claim for good. However, the Court does not know if or when the USPS issued a final denial. The parties have not provided any evidence indicating whether the USPS acted on State Farm's claim. Neither party has said that the USPS denied the claim, nor has either party said that the USPS failed to act on the claim. The motion is therefore denied without prejudice. State Farm is instructed to refile the motion no later than July 8, 2011, and the parties are instructed to provide appropriate evidence that there was or was not a final denial by the USPS.

/s/ Katharine S. Hayden
June 28, 2011                                      Katharine S. Hayden, U.S.D.J.

4